## SILAS M. PHELPS

*v.*

## ILLINOIS CENTRAL RAILROAD COMPANY *et al.*

1. SPECIFIC PERFORMANCE—*matter of sound discretion.* It has been repeatedly held by this court that a party can not call upon a court of equity, as of right, to enforce the specific performance of a contract, and that the exercise of this branch of its jurisdiction rests in the sound discretion of the court in view of the terms of the contract and the surrounding circumstances.

2. SAME—*party must not be in default himself.* A party seeking the specific performance of a contract must show that he himself has always been ready, willing and eager to perform on his part, even though time is not made essential by the contract.

3. SAME—*forfeiture.* Where time was made essential in a contract of purchase, and it provided for a forfeiture of the purchase if payments were not punctually made, and of all rights acquired under it, without any right in the vendee of reclamation or compensation for money paid, etc., the vendor declared a forfeiture for default of making payment of the notes given for the purchase money, when due, but did not surrender the notes to the purchaser: *Held,* that the purchaser was not entitled to a specific performance, and that, under such contract, an offer to return the notes was not necessary before declaring the forfeiture.

4. SAME—*excuse of performance.* In such a case, the fact that the vendor had before indulged the vendee by accepting payments after they were due, furnished no excuse for his not meeting the other payments promptly, and did not operate to prevent the vendor from declaring the forfeiture.

APPEAL from the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

Mr. W. W. WILLARD, and Mr. H. C. GOODNOW, for the appellant.

Mr. GEO. W. HALL, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The only question of any real importance in this case is, the right of appellant to a specific performance of the contract,

made by him with the railroad company, for the purchase of this tract of land.

It has been repeatedly held by this court that a party can not call, as of right, upon a court of equity to exercise this branch of its jurisdiction; that its exercise rests in the sound discretion of the court, in view of the terms of the contract of the parties, and surrounding circumstances. A party demanding its exercise, is bound to show he himself has always been ready, willing and eager to perform on his part, when the contract itself does not make time of the essence of the contract. In cases where time is of the essence, it has been the constant ruling of this court that such a provision can not be dispensed with, but will be enforced, except under very peculiar circumstances. A court of equity has no power to alter contracts of parties, but to enforce them as made. *Kemp* v. *Humphreys,* 13 Ill. 573; *Chrisman* v. *Miller,* 21 ib. 227; *Wynkoop* v. *Cowing,* ib. 570; *Steele* v. *Biggs,* 22 ib. 673; *Heckard* v. *Sayre,* 34 ib. 142; *Stow* v. *Russell,* 36 ib. 18.

That time was of the essence of this contract is not denied by appellant.

The contract provides, " in case the second party (appellant) shall fail to make the payments aforesaid, and each of them, punctually and upon the strict terms and times above limited, and likewise to perform and complete all of his agreements and stipulations, aforesaid, strictly and literally, without any failure or default, then this contract, so far as it may bind said first party, (railroad company,) shall become utterly null and void, and all rights and interests hereby created, or then existing, in favor of said second party, or derived from him, shall utterly cease and determine, and the premises hereby contracted shall revert to and revest in said first party, without any declaration of forfeiture or act of re-entry, or without any other act by said first party to be performed, and without any right of said second party of reclamation or compensation for money paid or service performed, as absolutely, fully and perfectly as if this contract had never been made."

The terms of this contract furnish a full answer to the position assumed by appellant, that the notes were not surrendered by the company when the forfeiture was declared, and he, therefore, was not placed *in statu quo,* citing the case of *Murphy* v. *Lockwood,* 21 Ill. 651. In that case, time was not an essential part of the contract, nor did it contain the provision against reclamation; nor is the case of *Staley* v. *Murphy,* 47 ib. 241, in point, for the same reason, and for the additional reason that several of the notes were not due until some years after the forfeiture was declared. Here, the notes were dishonored five years prior to the declaration of forfeiture and repeated demands of payment unheeded. The notes over due were attached to the deposition of the witness, Mr. Calhoun, and are on the files of the court. At any rate, if they were not, they being long past due, an assignee would take them subject to all defenses. This alone would render a surrender of the notes unnecessary, was it required by the terms of the contract they should be surrendered, but there is no such agreement. *Fitch* v. *Boyd et al.* 55 Ill. 307.

It is urged by appellant that the receipts by the company of money on a payment which was past due, operates as a waiver of the right to declare a forfeiture. The argument amounts to this, that inasmuch as the company accepted payments which were long due therefor, the company can not insist upon the terms of the contract as to the other payments. We do not see the force of the argument. The case of *Stow* v. *Russell, supra,* is full on this point.

We see no grounds for disturbing the decree rendered, and affirm the same.

*Judgment affirmed.*