## James McCabe

*v.*

## Amasa Crosier.

1. SPECIFIC PERFORMANCE—*matter of discretion.* It is the settled doctrine of this court that a party can not, as a matter of right, have a contract specifically enforced in equity, but that the exercise of this power rests in the sound discretion of the court in view of the terms of the contract and the surrounding circumstances.

2. SAME—*party asking must not be guilty of default or laches.* Where a party asking the specific performance of a contract has not performed his part of the contract, or shown any readiness to perform, and after great delay, unexplained by equitable circumstances, there will be no error in refusing him relief.

APPEAL from the Circuit Court of LaSalle county; the Hon. EDWIN S. LELAND, Judge, presiding.

Mr. D. P. JONES, and Messrs. DICKEY, BOYLE & RICHOLSON, for the appellant.

Mr. CHARLES HARVEY, and Messrs. BUSHNELL & BULL, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was a bill by appellant for specific performance of a contract, made by him with appellee, for the purchase of a small parcel of land of little value, and on which no improvements, beyond a short line of fence, had been made.

It is the settled doctrine of this court, as of most other courts of equitable cognizance, that a party can not call, as of right, upon a court of equity to exercise that branch of its jurisdiction; that its exercise rests in the sound discretion of the court, in view of the terms of the contract of the parties and the surrounding circumstances. A party demanding its exercise is bound to show that he himself has always been ready, willing and eager to perform on his part, even when the contract does not make time of the essence of the contract. *Phillips* v. *Ill. Cen. R. R. Co.* 63 Ill. 468.

There is not the slightest basis in the evidence in this case for an inference that this appellant has at any time been ready, willing or eager to perform the contract in question. He did not perform, and his position was, that he could do just as he pleased in that regard. Under these circumstances, and after great *laches*, unexplained by equitable circumstances, it would be against the established principles of the court to decree specific performance. Nor do we perceive any error in the decree in other respects.

It will, therefore, be affirmed.

*Decree affirmed.*