Robbins v. Conway.

## H. J. Robbins v. R. F. Conway.

1.   CONTRACTS — *Evidence of Contemporaneous Conversations Not Admissible.*—Evidence of conversations, contemporaneous with the execution of a lease, are not admissible.

2.   LANDLORD AND TENANT—*Receipt of Past Due Rent Not a Waiver of Future Forfeitures.*—The receipt by a lessor of rents past due does not operate as a waiver by him of a forfeiture reserved by the lease for the non-payment of rent subsequently falling due.

Forcible Entry and Detainer.—Appeal from the Circuit Court of Cook County.   Heard in this court at the March term, 1900.   Affirmed. Opinion filed November 22, 1900.

BENSON LANDON, attorney for appellant.

E. S. CUMMINGS, attorney for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment in forcible detainer by appellee against appellant, in favor of the former.

Appellee leased to appellant by lease, in writing, certain premises therein described, for a term from May 1, 1900, till April 30, 1900. The rent reserved was $240 per annum, payable in installments of $20 each, in advance, on the first day of each month of the term. The lease is executed by both parties, under seal, and contains a provision that if default should be made in the payment of the rent, it would be lawful for the lessor, without notice, to declare the term ended and to re-enter with or without process of law. The lessee expressly covenanted as follows:

" And in order to enforce a forfeiture of this lease for default in any of its conditions, it shall not be necessary to make demand, or to serve notice upon the party of the second part, and said party of the second part hereby expressly waives all right to any demand or notice from said party of the first part of his election to declare this lease at an end, or of declaring it so to be."

The rent due October 1, 1899, was not paid, and, October 4, 1899, appellee commenced suit for possession of the demised premises. Appellant claimed that the provision in the lease requiring payment of the rent on the first day of each month, had been waived by appellee, and to sustain this claim offered certain evidence, which the court excluded; and the question is, whether the exclusion of the offered evidence was erroneous.

Appellant testified that he procured the lease from appellee's agent, Mr. Butz; that he, Butz, was the only one he ever saw in connection with the renting of the premises, and that at the time he, appellant, executed the lease, he had a talk with Butz about when the rent should be paid. Appellee's counsel then asked him, " What was that talk?" To which question the court sustained an objection, on the ground that evidence of conversation contemporaneous with the execution of the lease, was inadmissible. Appellant's counsel then offered to show that in every month of the term prior to October, Mr. Butz, appellee's agent, did not call at the demised premises for the rent on the first day of the month, but did call for it at said premises on the 15th day of the month, which offer the court ruled against.

The evidence was properly · excluded.   Evidence of parol
agreements between appellee's agent and appellant, prior
to or contemporaneous with the execution of the lease, was
clearly inadmissible.   So, also, was the offered evidence that
Butz called at the demised premises for the rent only on
the 15th of each month.   Appellant, in and by the lease,
covenanted to pay rent on the first day of each month of
the term "at the office of G. H. Schneider & Co., Chicago,
Illinois." and it was his duty to pay it there on the first
day of each month.   Not having observed this covenant in
that respect, he can not claim any advantage from the fact
that by reason of his default appellee's agent was forced to
call on him, at the demised premises, for the rent, later in
the month than when it was payable by the terms of the
lease.   The receipt by a lessor of rents past due does not
operate as a waiver by the lessor of a right of forfeiture
reserved by the lease for non-payment of rent subsequently
falling due.   Phelps v. I. C. R. R. Co., 63 Ill. 468.

The judgment will be affirmed.