## William P. Launtz v. Theodore Vogt.

1. FORFEITURES—*not enforceable in equity.* A court of equity will not lend its aid actively to enforce a forfeiture.

2. SPECIFIC PERFORMANCE—*when relief by injunction equivalent to.* A bill praying an injunction to enforce a covenant of a lease by injunction, is equivalent to a bill praying for specific performance.

3. SPECIFIC PERFORMANCE—*what essential to granting.* To entitle a plaintiff in a bill for the specific performance of a contract to the relief asked, he must show that he has fully and fairly performed on his part, and that he is willing to do and perform in the future what may be required of him by the contract.

4. SPECIFIC PERFORMANCE—*discretionary power with respect to granting relief by.* The exercise of jurisdiction to enforce the specific performance of a contract rests in the sound legal discretion of the court.

5. LEASE—*when landlord cannot waive provisions of.* A landlord cannot waive the provisions of a lease insofar as the same would be a violation of the law.

Bill in equity. Appeal from the City Court of East St. Louis; the Hon. JAMES E. DUNNEGAN, Judge, presiding. Heard in this court at the August term, 1906. Reversed and remanded with directions. Opinion filed March 15, 1907.

W. L. COLEY and W. P. LAUNTZ, for appellant.

McHALE & SUMNER and AUGUST BARTHEL, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

This is a bill in equity, filed by appellee against appellant, to enforce the specific performance of certain covenants contained in a lease made by appellant to appellee. It is represented by the bill that on December 5, 1903, appellant leased to appellee and one William Bender, Jr., certain premises in the Metropolitan Building, in East St. Louis, for a term of ten years from April 1, 1904, to April 1, 1914, for $12,000, payable $100 per month; that appellee, the lessee, faithfully kept and performed all the covenants of said lease on his part, and that appellant, the lessor, in violation and disregard of the covenants on his part, at different times turned off the current of electricity, leaving the premises in darkness, and, at different times, shut off the water supply so as to impede and destroy the business of the occupant of said premises. The prayer of the bill is that appellant be compelled by decree to furnish water and electric current as required by the lessee and that appellant be enjoined from interfering with appellee's use of the door from the elevator entrance to the cafe, and from interfering with the electric current and water supply. The lease is set out in the bill. The particular covenants involved by this proceeding are as follows:

"It is further agreed by the said party of the second part (lessee) that neither they nor their legal representatives will sublet said premises or any part thereof, or assign this lease * * * without the written consent of the party of the first part (lessor) had thereto, and that neither he nor their legal representatives will use said premises for any purpose calculated to injure or deface the same, or to injure the reputation or credit of the premises or of the neighborhood. It is further agreed by the party of the second part that they will keep said premises in a clean and healthy condition in accordance with the ordinances of the city and direction of the Board of Health and Public Works. The first party consents to any agents for their own profit to occupy this

building, but said Vogt and Bender to be holden to said Launtz for all rents, and properly conducting an orderly business. Said second party agree to protect said first party against any damages arising from the conduct of its said business. * * * Party of the first part is to furnish all hot and cold water required in this room and keep the same heated and furnish all electric lights required to midnight of each day. The party of the first part is to furnish three arc lights in the main or saloon portion of said building, and current for three hundred (300) incandescent lights as they may be required in the bar-room, cigar store, kitchen, lavatory, banquet room and sign on the outside of the building, and keep lamps in order and run all supply wires from dynamo to fixtures. * * * Party of the second part is to conduct an orderly bar and cafe and to permit no gambling in the room. Party of the second part is to cut a door in the rear of the elevator as an entrance to the banquet hall."

The bill alleges that after entry under the lease, William Bender assigned to appellee his interest, and that appellee is the sole owner of said lease; that the premises are occupied by Carroll as the agent of appellee, and that the assignment by Bender to appellee, and the sub-letting to Carroll, were with the knowledge and consent of appellant. By answer, appellant denies that he knew or consented to the assignment by Bender to appellee, or to the sub-letting of the premises by appellee to Carroll, and sets up the Statute of Frauds as against any assignment claimed by appellee; denies that the business in said premises has been conducted orderly and properly, or that it has been carried on in such manner as not to injure the reputation or credit of the premises or the neighborhood; avers that the door leading from the cafe into the elevator room, when open, exposes to the view of other tenants of the building, when waiting at the elevator entrance, a large part of the cafe in which are seated many persons eating and drinking beer and other liquors; that the fumes and odors from the food and drinks escape through the said door into the elevator shaft, and into the rooms and offices on the floors above; that this is offensive and ob-

jectionable to appellant's office tenants and other patrons of the building, causing a depreciation in the rental value; says that Carroll, the occupant, kept said door open, and persisted in so doing to the annoyance and discomfort of appellant and other tenants; that frequent complaints were made by the tenants of the odors from the cafe, and demand made that the door be kept closed; says that the saloon and cafe have been conducted in a noisy, boisterous and disorderly manner, causing criticism and complaint of the appellant by tenants and patrons of the building; that there was disagreeable music in the saloon and cafe on Sunday, contrary to the law and ordinances of the city of East St. Louis; that gambling, drunkenness and carousing was permitted in said saloon, and other violations of law carried on; that intoxicating liquors were sold to minors and habitual drunkards, thus injuring the credit and reputation of the building and subjecting appellant to liability as owner of the building for violations of the law; that the saloon and cafe were kept open on Sunday contrary to the statute; denies the right of appellee or Carroll or anybody else to have the door in question remain open, and denies the right to keep premises open on Sunday or at any time to conduct a noisy or boisterous and disorderly place to the detriment of the premises. Appellant filed a cross-bill charging appellee with breach of covenants in lease, as set out in the answer and praying for a forfeiture and cancellation of the lease. Answers and replications to bill and cross-bill were filed, the cause heard by the court, and a decree entered dismissing the cross-bill and for the complainant in the original bill, granting the relief therein prayed for. Error is assigned upon the action of the court in dismissing the cross-bill and in granting the relief prayed in the original bill.

The cross-bill was properly dismissed for the reason, that the relief asked is not such as a court of equity will grant. It is text-book law that a court of equity will not lend its aid actively to enforce a forfeiture. Bespham's Principles of Equity, page 238, section 181; 1 Pomeroy's Equity, sections 459, 460. The law does not favor forfeitures and a

Launtz v. Vogt.

court of equity, which is a court of conscience, is not the forum in which a forfeiture may be enforced. If the relief sought, though by a cross-bill in defense, is not equitable relief, it will for that reason be denied. Within the doctrine that a court of equity having acquired jurisdiction for one purpose, will entertain it for all purposes, a cross-bill may in general be entertained and affirmative relief thereon granted in matters, which considered apart, would be for a court of law. But this is usually done only by way of compensation, or in adjustment of equitable rights, to prevent a multiplicity of suits and do complete justice between the parties. Relief against forfeiture may be had on cross-bill in a proper case, though for such relief there be adequate remedy at law, but to enforce a forfeiture in equity, is held to be against conscience, and neither bill nor cross-bill for that purpose will be entertained. Aside from the equitable principle which bars the relief sought by the cross-bill, we are not inclined to disturb the finding by the Circuit Court, that appellant waived his right to a forfeiture because of the assignments proven without his consent to the extent at least, that he may not now complain of the character of the ageny by which appellee occupied the premises and the kind of business conducted therein. We are however of opinion that the court erred in granting the relief prayed for by appellee, and that the original bill, likewise, should have been dismissed for want of equity. The prayer of the bill is for a specific performance, and though the relief granted is by injunction merely, the purpose and effect is to enforce a performance of the covenants of the lease on the part of appellant. It is, therefore, in all essential respects a bill for specific performance, subject to the rules and principles applicable in such case, and it will be so treated. E. St. L. Con. Ry. Co. v. City of E. St. Louis, 182 Ill., 433. To entitle the complainant in a bill for the specific performance of a contract to the relief asked, he must show that he has fully and fairly performed on his part, and that he is willing to do and perform in future, what may be required of him by the contract. Chicago Municipal Gas Light and Fuel Co.

v. Town of Lake, 130 Ill., 42. He must show that he is not himself in default. Short *et al.* v. Kieffer *et al.*, 142 Ill., 258. In the last case cited it is said: "The complainant is required to make out a much stronger case to support an application for specific performance of a contract, than the defendant is required to show to resist it. It is not sufficient to show merely that the adverse party is in default, but the party complaining must show that he is not liable to the same imputation." The exercise of jurisdiction to enforce the specific performance of a contract rests in the sound legal discretion of the court, in view of the terms of the contract, and all the surrounding circumstances of the case. E. St. L. Con. Ry. Co. v. E. St. Louis, *supra.* Applying this principle, it is found that appellee is not in position to ask an injunction or specific performance of the lease. On his part it was agreed, among other things, that he would not use the premises for any purpose calculated to injure the reputation or credit of the premises or neighborhood, and that he would conduct an orderly bar and cafe. It appears clearly from the evidence that liquors were sold to minors, and it is not disputed that the place was open and sales made on Sunday, all of which was in violation of law, and the agreement of appellee in this respect. This was a breach of covenant on the part of appellee which could not be waived by appellant, as held by the court respecting covenants not to assign the lease or sublet the premises without his written consent. Public policy forbids that the landlord's consent, expressed or implied, written or oral, shall avail the tenant in the evasion of his contract obligation to comply with the law in the use of the premises. Nor will appellee's plea of not guilty avail him as contended in argument. The theory and representations of the bill are that appellee is the sole owner of the lease and that Carroll, the occupant of the premises, is his agent. In seeking to enforce the contract, the covenants of the lease, in his behalf, appellee may not be heard to say that he is not to be bound by what was done by his agent. To keep a dram-shop open on Sunday, and sell liquors to minors, was in violation of

law. To do this is to keep a disorderly house, and a business so conducted is calculated to injure the reputation and credit of the premises and neighborhood, and subject the owner to liability. It is further to be observed, in considering the contention respecting the use of the door, that the only right accorded. appellee and his agents by the lease, is the ordinary use of the door or opening to and from the cafe into the elevator entrance. Without special provision in the lease to the contrary we should say, that under the circumstances of this case, the location and purpose of the door, the parties contemplated and understood, that the door should be kept closed, except as a means of ingress and egress convenient for the patrons of the saloon and cafe, and it is not within any right or privilege conferred by the lease, that it may be kept open by either party for ventilation or advertisement. We express no opinion as to the right of either party seeking redress in a court of law, in which forum an adequate remedy may be found for the injuries complained of by the bill and cross-bill in this case. In harmony with the views herein expressed, the decree of the Circuit Court dismissing the cross-bill for want of equity is affirmed, and the granting of relief on the original bill is reversed, and the cause remanded, with directions to dismiss the original bill for want of equity. Each party to pay one-half the costs in this court.

*Reversed and remanded, with directions.*