## John H. Henderson, Appellee, v. Ross W. Gould, Appellant.

### Gen. No. 5,128.

1. AGENCY—*when exclusion of evidence tending to show termination of, error.* *Held,* that the exclusion of an endorsement contained upon a contract in connection with the admission of certain other evidence was erroneous in that the effect was to lead the jury to believe that the agency in question existed contrary to the contention that it had been terminated at a particular time, which was material to the determination of the cause.

2. AGENCY—*persons dealing with agent bound to ascertain authority.* *Held,* that it was error in this case to refuse an instruction upon the proposition that those dealing with an agent are bound to ascertain the extent of his authority, if any.

Assumpsit. Appeal from the Circuit Court of Rock Island county; the Hon. WILLIAM H. GEST, Judge, presiding. Heard in this court at the October term, 1908. Reversed and remanded. Opinion filed March 24, 1909.

SEARLE & MARSHALL, for appellant.

PEEK & DIETZ, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

John H. Henderson, appellee, brought this suit in *assumpsit* in the Circuit Court of Rock Island county against Ross W. Gould, appellant, to recover the purchase price of certain real estate owned by appellant and alleged by appellee to have been sold to him by one Rush, as agent of appellant. The declaration contained the common counts and a special count. The special count alleged that through Rush, Gould sold appellee certain real estate for $400 and that appellee paid Gould through Rush, the sum of $400 and that appellant, through Rush, agreed to deliver to appellee an abstract and a deed of said real estate, and averred a breach of such agreement. Appellant filed the general issue. There was a trial and a verdict for

appellee for $429.27. A motion for a new trial was denied, judgment was entered on the verdict and Gould prosecutes this appeal.

The evidence shows that on June 7, 1904, appellant gave Goodmanson & Rush the exclusive agency of the sale of certain lots in Columbia park and Rosslyn's addition east of the city of Moline, south of Third avenue, reserving only a privilege of sale of the lots therein enumerated by his father, D. W. Gould. This agency was in writing and was to terminate March 1, 1905, unless the said agents should in the meantime sell six lots, in which case, appellant was to extend the contract for one year. In August, 1904, Goodmanson & Rush dissolved partnership. September 5, 1904, Goodmanson, Rush and appellant met and agreed that Goodmanson should surrender to Rush all his interest in said agency contract, and that Rush should continue the agency under its terms, which he did until February, 18, 1905, when the contract was returned to appellant by Rush. In the latter part of August, 1905, Rush went to appellee and represented himself to be appellant's agent for the sale of his lots in Columbia park addition, and on September 4, 1905, induced appellee to contract for the purchase of one of appellant's lots and to pay him on said contract $400 for which he gave a receipt signed in his own name, and agreed to build a house on the lot to be completed in five weeks, at which time appellee was to receive an abstract and deed to the real estate. Appellee testified that Rush said that the property belonged to appellant, and that about September 16, 1905, he had a talk with appellant, in which appellant said that Rush represented him as his agent and had skipped out with some of his money. Appellant said "You bought some property of Rush", to which appellee replied that he had, and said, "He is your agent", and appellant replied that he was. Some talk was then had between them about having Rush arrested in order to get back the money. Appellee further testified that he bought the lot sub-

ject to the sign standing on the lot south of the one he bought. The sign read, "Goodmanson & Rush, Lots for Sale," and he said to appellant, "This sign makes him your agent." A careful inspection of the evidence discloses that appellee bases his right to a recovery, not upon the authority to Goodmanson & Rush by virtue of the contract from appellant, but upon appellant's alleged admissions subsequent to the transaction he had with Rush. Appellant testified that he met appellee and told him that he had heard that he had had some transactions with a man by the name of Rush in regard to some lots in Columbia park addition. He said he had. Appellant asked the nature of it and appellee said he had bought a lot there from Rush, and that Fuller and Stritmeyer had also bought lots there. Appellant told appellee that Rush had no authority either to sell lots or to collect money for them; that Rush was not his agent and that he could not be responsible for the money paid him. In a later conversation, appellant told appellee that the lot stood him $275 and if he would pay appellant that amount, he would give appellee a deed to the lot.

On proof of the signature of Rush the following endorsement appearing on the back of the contract of June 7, 1904, was offered in evidence:

"Feby 18, '05
Returned as requested
G. C. Rush."

On objection of appellee, the court refused to admit it. As the proof showed that there had been an agency in writing between Rush and appellant, it was competent to show that it had been terminated before the transaction between appellee and Rush. There was evidence admitted on appellee's offer, of a sale made to one Van Araman subsequent to the alleged abrogation of the contract. Appellant moved to strike out the evidence relating to the Van Araman sale which motion was denied by the court. This evidence was incompetent because it was not shown that appel-

lee had any knowledge of this transaction prior to his deal with Rush nor was it shown that appellant had any knowledge of Rush's connection with the Van Araman transaction, as appellant acted in this sale entirely through D. W. Gould, his father. The effect of this evidence, with the evidence of the abrogation of the written contract excluded, may have led the jury to believe that Rush was still acting under the authority of the contract of June 7, 1904, at the time of the alleged sale to appellee.

In view of the conflict in the testimony as to Rush's authority to represent appellant, it was important that the jury be accurately instructed as to the law. Appellant asked and the court refused an instruction which told the jury, that, when one deals with an agent, he is bound to know the agent's authority and cannot hold the principal for the unauthorized acts of the agent, and that unless they believed from a preponderance of the evidence, that Rush was, on the 4th of September, 1904, the duly constituted agent of appellant, to sell the lot in question and to receive the purchase price of the same, their verdict should be for appellant. The proof disclosed that appellee's authority to sell the lots was at least debatable and his authority to receive the purchase price pointedly disputed. In Short v. Kieffer, 142 Ill. 258, it is said: "It is well understood that one purchasing land from an agent is bound to see the authority of the agent, and know that he is acting within the scope of his authority." It is, therefore, clear that the instruction contained a correct principle of law and that there was evidence on which to base it; therefore its refusal was error.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*