## RAWLEIGH RALLS

*v.*

## ISABELLA RALLS, Admx. *et al.*

1. SPECIFIC PERFORMANCE—*proof must be clear.* Applications for a specific performance of a contract are addressed to the sound legal discretion of the court. It is not a matter of course that it will be decreed because a legal contract is shown to exist, and the proof on which the right is based must be clear.

2. CHANCERY—*disposition of cross-bill for partition, when original bill for specific performance and partition is dismissed.* Where a complainant files a bill, alleging a partnership, by verbal contract, between himself and the ancestor of the defendants, in real estate, the legal title to a portion of which is in himself, to another portion in the defendants, and of the balance in the complainant and defendants as tenants in common, and asks for a specific performance of the contract and partition of all the land, and the defendants deny the partnership, and file a cross-bill for that portion of the land the title to which is in common, it is proper, in the absence of clear and satisfactory proof to sustain the allegation of partnership, to dismiss the original bill, but the cross-bill should be retained, and partition decreed according to the legal title of the parties.

APPEAL from the Circuit Court of Randolph county; the Hon. AMOS WATTS, Judge, presiding.

Mr. WILLIAM HARTZELL, and Mr. SILAS L. BRYAN, for the appellant.

Mr. JAMES M. DILL, and Mr. JOHN MICHAN, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery, in the circuit court of Randolph county, exhibited by Rawleigh Ralls, complainant, and against Isabella Ralls, the widow and administratrix, and the heirs at law of James Ralls, deceased, for the specific performance of a contract alleged to have been made with James Ralls, in his lifetime, for the conveyance of certain lands in the bill described.

There were answers to the bill, and a cross-bill filed by the defendants, to which there was an answer and replication duly filed.

The cause was heard on the pleadings and proofs, and the court dismissed both the original and cross-bills, and gave judgment for costs against complainant, to reverse which he appeals.

The doctrine of strict performance has frequently been discussed in this court, and the rule established that applications for such purpose are addressed to the sound legal discretion of the court; and it is not a matter of course that it will be decreed because a legal contract is shown to exist, and the proof on which the right is based must be clear.

The deceased, James Ralls, and the complainant were brothers, living within one-fourth of a mile of one another, and engaged in farming. Lands were acquired by them as separate property, the titles taken to one or the other, as the right might be. As we understand it, the whole quantity of land owned by these parties, and the subject of this controversy, was four hundred and thirty-three acres, the title to some of it in the name of complainant, and of some of it in the name of the deceased, James Ralls, and some of it acquired in their joint names.

It is alleged that, in 1846, the brothers formed a partnership, by which it was agreed all their lands should be held in common; that, in 1870, a division was made of the tract; that the north part, containing two hundred and twenty acres, was allotted to complainant, and the south part, containing two hundred and thirteen acres, to James, but that no deeds were executed.

It appears, by this division claimed by complainant, sixty acres of land, the title to which was in James, comes to complainant, the title to which James had acquired in his own right eight years before the alleged partnership, namely: in 1838. This is the subject of contention. The widow and personal representatives of James Ralls deny that any of the lands owned by them individually ever became partnership

lands, or held as such, and they contend that allotting this sixty acres to complainant would be an unequal and unjust division.   Keeping in view the rule, as announced so often by this court, that, in a proceeding of this nature, the proof must be clear, we have looked into this record, and fail to find proof sufficiently plain and clear to justify the conclusion that the individual lands of these parties were ever held as partnership property.   It is true, they were in partnership in the farming business, but the evidence that the lands were held in common is by no means satisfactory; it is too conflicting and uncertain to be the basis of a decree the effect of which would be to take from these defendants, who are said to be, the most of them, infants, a valuable property.

It is alleged a final partition of the lands held as tenants in common was made by the parties.  That, in law, would be good, provided it was followed by a several possession, and equity would establish it by decree; but of this, the evidence is not clear and satisfactory.

We think the court decided correctly in dismissing the original bill.

As to the cross-bill, that shows that some of the lands described in complainant's bill belonged to complainant and James, jointly, as tenants in common; and it alleges they owned, as such tenants, a large amount of other real estate, and the prayer is, that partition be made of all these lands so held.   Though there is much other redundant matter in the cross-bill, the object and scope of it was, to have partition made of the lands owned in common by these parties.   This, parties so situated have a clear right to demand; and, as the court had possession and control of the subject, it would be well to adjust the whole matter in this suit, rather than to compel the institution of a new suit for the same purpose. The court had jurisdiction of the persons and of the subject matter, and should have retained the cross-bill for the purposes sought by it.

We are of opinion the decree dismissing complainant's bill

should be affirmed, but reversed as to the cross-bill. The cause will be remanded to the circuit court, for further proceedings consistent with this opinion.

*Decree affirmed in part.*