AZEL F. HATCH·

*v.*

JOHN KIZER *et al.*

*Filed at Ottawa March 24, 1892.*

1. SPECIFIC PERFORMANCE—*only compelled when its refusal would be unjust.* The specific performance of a contract will not be decreed unless the contract has been made with perfect fairness, and without misapprehension, misrepresentation or oppression, and is reasonable and equitable. If wanting in any of these particulars, specific performance will not be granted. It is only where it would be unjust to refuse the relief sought, that a court of equity will assume jurisdiction.

2. SAME—*not granted where defendant is unable to perform, and is guilty of no fraud.* Where a party, honestly believing that he is the owner of real estate, makes a contract for its sale and conveyance, and it turns out that the title is in another, and the vendor is guilty of no fraud or misconduct, so that he can not perform on his part or require payment by the vendee, a court of equity will not, at the suit of the latter, decree a specific performance.

3. SAME—*not granted on terms not expressed in the agreement.* A court of equity will not specifically enforce a contract on terms not expressed in the agreement.

4. SAME—*not granted in case of failure of proof of performance by complainant.* The failure of complainant in a bill for the specific performance of a contract for the sale of land, to show, by a clear and satisfactory preponderance of evidence, a performance of the contract on his part or that of his assignor, will prevent a decree in his favor.

5. SAME—*laches of complainant.* A purchaser of land filed his bill for the specific performance of the contract eight years after he was entitled to a deed, it appearing that he had filed a similar bill about seven years before, which he dismissed about the time of filing his last bill: *Held,* that his *laches* in suing, and in failing to prosecute his former suit, was a bar to the relief sought.

6. It is the settled doctrine that great delay of either party, unexplained, in not performing the terms of a contract, or in not prosecuting his rights under it by filing a bill, or in not prosecuting his suit with diligence when brought, constitutes such *laches* as to forbid the interference of a court of equity, and so amounts, for the purpose of specific performance, to an abandonment of the contract.

7. CHANCERY PRACTICE—*relief not sought by the bill.* A plaintiff in a chancery suit can not complain that the court failed to grant him relief not sought in his bill, and when it is not shown that he ever offered to accept such relief.

APPEAL from the Circuit Court of Cook county; the Hon. LORIN C. COLLINS, Judge, presiding.

Mr. H. S. MECARTNEY, for the appellant.

Mr. GEORGE SCOVILLE, for the appellees.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

On the 8th day of October, 1890, appellant filed his bill in chancery in the circuit court of Cook county, against appellees, to specifically enforce the performance of the following contract:

"This agreement, made this 11th day of December, 1882, by and between John Kizer * * * and George H. Chisholm:

"*Witnesseth:* That for and in consideration of the sum of $500,—$25 of which the second party hereby pays to the first party, and receipt of which is hereby acknowledged, and the remainder, of $475, the second party hereby agrees to pay on or before four (4) months from date of this instrument,—the first party hereby covenants and agrees, upon the payment of the said sum of $500, to deed, by good and sufficient waranty deed, in fee simple and free and clear of all encumbrance

whatever, except as to taxes, as stated below, one hundred and five lots, situated in Kizer and Williams' subdivision of the north-east quarter of the north-east quarter of section thirty-one (31), in township thirty-seven (37), north, range fifteen (15), east of the third principal meridian, in town of Hyde Park, Cook county, State of Illinois. Party of the second part agrees to assume all taxes now due, and unpaid by said party of the first part. It is understood by the parties hereto that the one hundred and five lots hereby referred to are now owned by said Kizer, as shown by an abstract displayed by first party to second party.

"To the fulfillment of this covenant we bind ourselves, heirs,. administrators and assigns.

JOHN KIZER,     (Seal.)

GEO. S. CHISHOLM.    (Seal.)

'Witnessed by Pleasant Amick."

By an indorsement on said contract it is shown to have been filed for record in the recorder's office of Cook county, July 26, 1884. The bill alleges performance of the contract on the part of Chisholm, and a refusal by Kizer to convey said real estate. The latter, by his answer, among other things, alleged in defense, *laches,* uncertainty in the description of the premises in said contract, that he had not the legal title to said premises as was understood by both parties when the contract was made, and that the complainant had failed to pay said $475 within the time limited in said contract. There was a hearing in the circuit court, and a decree entered dismissing the bill at complainant's cost, from which complainant below prosecutes this appeal.

. We think the decree of the circuit court should be affirmed on either one of several grounds. In the first place, the contract itself, together with the abstract referred to in it, shows that the agreement between the parties was entered into under a mutual misapprehension as to the title to said lots. It. shows that both parties understood that the legal title was in

Kizer.   It is not claimed that such mistake was the result of fraud or misconduct on the part of Kizer.   He furnished an abstract of the title in connection with the agreement, which showed that the legal title was in another, although he honestly believed it was in himself.   As the title proved to be in a third party, Kizer could not perform the contract on his part, neither could he have required Chisholm to do so.   Whatever might have been the rights of the parties in an action for a breach of the contract, a court of equity would not, on the admitted facts, decree a specific performance of it.   The rule is, that such a decree will not be entered unless the agreement has been made with "perfect fairness, and without misapprehension, misrepresentation or oppression." (*Frisby et al.* v. *Ballance et al.* 4 Scam. 299; *Bowman* v. *Cunningham,* 78 Ill. 48.) "To entitle a party to a decree for a performance of the agreement, it must be reasonable, fair and equitable. If wanting in any of these particulars, specific performance should never be granted, for it is only on the principle that it is unjust and inequitable to permit the contract to remain unexecuted, that a court of chancery assumes jurisdiction to enforce it." *Tammer* v. *Lavalle,* 92 Ill. 263; *Woods* v. *Evans,* 113 id. 186.

Again, the defense of *laches* is complete. "It is the settled doctrine of courts of equity in England, and of this court, that great delay of either party, unexplained, in not performing the terms of a contract, or in not prosecuting his rights under it by filing a bill, or in not prosecuting his suit with diligence when instituted, constitutes such *laches* as would forbid the interference of a court of equity, and so amount, for the purpose of specific performance, to an abandonment, on his part, of the contract." (Fry on Specific Per. 218, quoted with approval in *Hough* v. *Coughlan et al.* 41 Ill. 134.) Eight years elapsed between the time when Chisholm was entitled to a deed by the terms of the contract described in the bill, and the bringing of this action.   True, Chisholm himself filed a similar bill in the circuit court of Kane county about one year after the con-

tract was made; but without any legal excuse, so far as this record shows, he neglected to prosecute it, and about the time of the filing of the present bill dismissed it of his own motion. The attempted explanation for this delay is, that Kizer from time to time said he would "fix it up." There is no preponderance of evidence in favor of the complainant as to this explanation, if it were otherwise sufficient. Kizer swears that from the time it was discovered that the title to said lots was not in him, he told Chisholm that he could not make a deed, and offered to repay him the $25. If, as is now said, it was the duty of Kizer to make a deed regardless of the outstanding title, Chisholm should have prosecuted his suit in Kane county to that end. The failure to prosecute his action after it was begun was as fatal to his right to a specific performance of the contract as would have been his *laches* in bringing the suit. (41 Ill. 134, *supra; Sebring's Admr.* v. *Admr. of Sebring,* 4 N. J. Eq. 49.) There is also a failure in this case to show by a clear and satisfactory preponderance of the evidence that there has been a compliance with the terms of the contract on the part of Chisholm or his assignee. See *Ralls* v. *Ralls,* 82 Ill. 243; *Rutherford* v. *Sargent,* 71 id. 339.

It is said in the argument, that complainant below was entitled to a decree for a quitclaim deed at least. That is not the relief prayed for in the bill, nor is it shown that Chisholm or the complainant at any time offered to accept such a deed. Courts will not, however, specifically enforce a contract on terms not expressed in the agreement.

We think the decree of the court below is in conformity with the law and evidence of the case, and should be affirmed.

*Decree affirmed.*