Henry Llewellin v. Caroline M. Dingee, Widow and Administratrix of the Estate of Henry A. Dingee, Deceased, et al.

1. LACHES—*In Suits to Restore Lost Records.*—Where a party to a proceeding to restore lost records whose petition was dismissed, under a general order of court for want of prosecution, waited fifteen years before asking to have the case redocketed, he was held to be guilty of laches.

**Petition to Restore Records.**—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 11, 1896.

BULKLEY, GRAY & MORE, and ALFRED MOORE, attorneys for appellant, contended that every court of general jurisdiction has inherent power to supply its own lost or defaced records, citing Goetz v. Koehler, 20 Ill. App. 234; Douglas v. Yallop, 2 Bur. 722; Jackson v. Hammond, 1 Caine's Cases, 496; Deshong v. Cain, 1 Duva, 309; McLendon v. Jones, 8 Ala. 298; Doswell v. Stewart, 11 Id. 629; Adkinson v. Keel, 25 Id. 551; Pruitt v. Pruitt, 43 Id. 73; Pierce v. Thackery, 13 Fla. 574; Fisher v. Sievres, 65 Ill. 99; Freeman on Judgments, Sec. 89.

The papers of a case when filed under our statute become a part of the record as fully as if copied into the record book of the court. Stevison v. Earnest, 80 Ill. 517.

The destruction of the record by fire has no effect upon the constructive notice existing by virtue of such record. Franklin Savings Bank Co. v. Taylor, 131 Ill. 386; Shannon

et al. v. Hall, 72 Ill. 354; Curyea et al. v. Berry et al., 84 Ill. 600.

A decree dismissing a cause for want of prosecution is no bar to the prosecution of a similar proceeding. Story's Equity Pleadings, Sec. 793, note A and 4; 1 Daniell's Chancery Plead. & Pract. (5th Ed.), 811, n. 4; Foot v. Gibbs, 1 Gray, 412; House v. Mullen, 22 Wall. 42.

When a bill is dismissed for want of prosecution it operates as a discontinuance and is more than a non-suit at law, and does not prevent the bringing of a new bill. McBroom v. Summerville, 2 Stew. 215; Potter v. Vaughan, 26 Vt. 224.

Dismissal without prejudice is no bar to another suit. House v. Mullen, 22 Wall. 42.

A record when lost or destroyed may be proven like any other writing, by secondary evidence. Gage et al. v. Schroeder, 73 Ill. 44.

The best evidence of which the nature of a case is susceptible must be produced if in the power of the party seeking to use it, and where the highest evidence can not be had then resort may be had to the next highest, or secondary evidence. Ellis et al. v. Huff, 29 Ill. 449; Cornett v. Williams, 20 Wall. 246; Hedrick v. Hughes, 15 Wall. 131; Renner v. Bank of Columbia, 9 Wheat. 598; Beveridge v. Chetlain, 1 Ill. App. 231.

No evidence is necessary where the defendant admits the allegations of the petition by demurring to it. Jackson v. Glos, 144 Ill. 21.

KNIGHT & BROWN, attorneys for appellees Dingee et al.

It is the duty of a party to be present when his case is reached for trial, and if he is not and the case is dismissed he must take the consequences. Cleaver v. Smith, 114 Ill. 114.

It is the settled law in this State that actions to subject real estate to the payment of a deceased's debts are barred in seven years. Wolf v. Ogden, 66 Ill. 224; Breit v. Yeaton, 101 Ill. 242.

The record if restored at all must be restored as to all

parties in interest and should not be restored as to *bona fide* purchasers.

The first petition to restore the record was filed by the petitioner June 14, 1880, nine years after the alleged record was destroyed by the great Chicago fire in 1871. This petition after pending on the docket for seven years was dismissed upon a trial call, July 12, 1887, and the present petition to restore files, was filed by the petitioner April 21, 1888.

It is shown by the testimony that of the property owned by the Dingees and Westerfields in 1880, forty per cent was sold prior to the filing of the present petition, and that about 100 persons who were record owners of property involved in this litigation at the time of the filing of the present petition are not made parties to this proceeding.

If, however, this record is restored it must be restored as to all the parties in interest. The record if restored as prayed will cloud the title of these persons, who purchased portions of the premises in question from 1880, and prior to April 21, 1888.

It is contended that these persons are not chargeable with notice of *lis pendens*, and that the record should not be restored as against them.

In the case of Herrington et al. v. McCollum, 73 Ill. 477, it is said :

"If a suit were not prosecuted with effect, as if at law it were discontinued or the plaintiff suffered non-suit, or if in chancery the suit were dismissed for want of prosecution or for any other cause not on the merits, or if at law or in chancery any suit abated, although in all such cases a new action could be brought, it could not affect a purchaser during the pendency of the first suit." See also Newman v. Chapman, 2 Rand. 93; Watson v. Wilson, 2 Dana, 408; Herrington v. Herrington, 27 Mo. 560.

Still less could a purchaser after the dismissal and before the revival of the suit in such cases be affected. Price v. White, 1 Bailey's Eq. 234; Blake v. Hayward, Id. 208; Turner v. Crebill, 1 Ohio, 373.

If the order dismissing the suit had expressed that it was

without prejudice, a different rule might obtain, although even that is questioned by respectable authority. Clarkson v. Morgan, 6 B. Mon. 441.

To affect purchasers there must be a close and continuous prosecution of the suit, the exercise of a reasonable diligence, unaccompanied with any gross slips or irregularities, by which injury could accrue to the rights of third parties. Preston v. Tubbin, 1 Vt. 286; Clarkson v. Morgan, 6 B. Mon. 441; Watson v. Wilson, 2 Dana 408; Gibler v. Trimble, 14 Ohio 323; Trimble v. Boothy, Id. 109; Ehrman v. Kendrick, 1 Metc. (Ky.) 146.

" If to permit a case to remain off docket for two entire years during four regular terms of court without making any effort to reinstate it and have a hearing can be called the exercise of reasonable diligence, or, indeed, any degree of diligence whatever, it would be difficult to determine what might be regarded as laches in the prosecution of a suit."

To the same effect is Durand v. Ford, 115 Ill. 610.

JESSE A. & HENRY R. BALDWIN, attorneys for appellees Westerfield et al.

Laches has been defined to be such neglect or omission to assert a right, as, taken in conjunction with lapse of time more or less great, and other circumstances causing prejudice to any adverse party, operates as a bar in a court of equity. Morse v. Seibold et al., 147 Ill. 325; 12 Am. & Eng. Ency. of Law, 533.

The delay or laches in equity does not in all cases conform to the statute, while equity as a general rule will give effect to the statute of limitations. It goes further in the promotion of justice and holds that to be laches in many cases where there will be no bar to an action at law. There are numerous cases in this court where the doctrine of delay has been applied to defeat the relief sought, where the statutory period had not run. In some cases two years delay has been held to bar relief. Where there is such a change in the relations of the parties, or such a change in the sub-

Llewellin v. Dingee.

ject-matter of the suit as to render it inequitable to grant relief, it will be refused without reference to the statutory period, or where the delay is so great in asserting the right as to create the presumption that complainant had abandoned his claim, relief will be denied.   Walker v. Ray, 111 Ill. 322.   See also Hatch v. Kizer, 140 Ill. 583 ; Fry on Specific Per. 218; Hough v. Coughlan et al., 41 Ill. 134; Sebring's Adm'r v. Adm'r of Sebring, 4 N. J. Eq. 49.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This was a petition filed April 21, 1888, by the appellant, to restore the files and records in a certain chancery cause, and to redocket the same, wherein he was complainant, begun in the Circuit Court on April 22, 1871, for the purpose of setting aside a certain decree of partition entered in said court in the year 1861, which files and records were destroyed in the great fire of October, 1871.

It is set up in the petition that the petitioner filed his petition of similar purport and effect on June 14, 1880, and that said petition was pending from that date until July 12, 1887, when the same was dismissed for want of prosecution.

The petition was verified, and attached to it were certain exhibits claimed to be respectively substantial reproductions of the said bill in equity, an answer by all of the defendants named in the bill, and a general replication to the answer.

The petition was answered by the parties made defendants thereto, and a hearing being had upon the issues joined, the petition was dismissed for want of equity, and this appeal is prosecuted therefrom.

The decree dismissing the petition was proper.

The suit sought to be restored and redocketed was dismissed by a general order of the Circuit Court entered April 8, 1873, in pursuance of an order entered in said court on February 1, 1873, as follows :

" It is hereby ordered that all chancery causes pending upon the docket of the Circuit Court previous to the fire of

October 9, 1871, be redocketed, and the files or petitions or copy thereof be restored by the parties interested to the files of said court on or before the first Monday of April, next. In default of such redocketing and restoration any and all cases pending prior to the said fire will be dismissed by an order of the court for want of prosecution on said day or as soon thereafter as may be convenient. "

From that time until June 14, 1880, no step whatever was taken by the petitioner to restore the files and redocket the cause. The reasons set up for this long delay are wholly insufficient to justify it. They are in effect nothing more than might be said to have applied with greater or less force to every party to litigation in this county in those years.

And from June 14, 1880, when the first petition was filed, down to the date of its dismissal for want of prosecution on July 12, 1887, and from the date of that dismissal down to April 21, 1888, when the petition in question was filed, the excuses that are set up in explanation of the delay tend strongly to convict the petitioner of being more concerned in producing delay than he was in speeding the cause.

It was made to appear on the hearing, that since 1873, and prior to 1888, the village of Wilmette has grown upon and about the property involved, and that at least one hundred and twenty-five houses have been erected upon the particular land, and more than one hundred separate persons, not parties to the proceeding, have become owners of the land involved, during the period of petitioner's delay.

It thus appears there has not only been delay by the petitioner, but that injury to others because of it would ensue if it were excused.

The law concerning laches under the circumstances of this record, is too familiar to require more than the citation of a few of the later cases. Walker v. Ray, 111 Ill. 315; Speck v. Pullman, 121 Ill. 33; Hatch v. Kizer, 140 Ill. 583; Morse v. Seibold, 147 Ill. 318.

Although we decide only, that the decree was right because of the inexcusable laches of the petitioner, it must not

be understood that we regard laches as the only ground of bar to the petitioner, and that the decree might not be justified upon other grounds also.

We will not, however, take time to discuss the other questions.

The decree of the Circuit Court is accordingly affirmed.