GEORGE K. MALTBY

*v.*

ALBERTINE THEWS.

*Opinion filed February 14, 1898.*

1. SPECIFIC PERFORMANCE—*vendor seeking specific performance must show a clear right.* A vendor who seeks to compel his vendee to specifically perform the contract of purchase and to accept a deed to the property must show a clear right to the relief prayed.

2. SAME—*specific performance should not be decreed unless contract was fairly entered into.* Specific performance should not be decreed unless the contract was fairly entered into, without misapprehension, misrepresentation or oppression.

3. SAME—*to defeat specific performance evidence need not be sufficient to warrant cancellation.* Evidence may be sufficient to defeat a bill for specific performance of a contract although not sufficient to authorize a decree canceling such contract.

*Thews v. Maltby,* 69 Ill. App. 30, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

W. B. MOAK, for plaintiff in error.

F. H. TRUDE, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a bill for specific performance, filed by plaintiff in error, to compel defendant in error specifically to perform her contract with him to purchase a certain house and lot in Auburn Park. The contract provided that the vendor, Maltby, should put certain improvements in the house, and furnish a complete abstract of title or merchantable copy brought down to date, and payment was to be made upon delivery of a good and sufficient warranty deed, and when title was found good or merchant-

able the vendee was to pay $200 as earnest money, which was to be forfeited as liquidated damages, at the option of the vendor, if she failed to perform the contract on her part. The bill alleges that defendant in error gave her promissory note for the earnest money, and that both contract and note were deposited with a bank for the mutual benefit of both parties; that defendant in error entered into actual possession of the premises, and that plaintiff in error put in all of the improvements required by his contract, except the furnace, and that defendant in error removed from the premises after having occupied them about two weeks, and refused to receive the abstract or accept the warranty deed tendered to her, and refused to carry out her contract with him; that his title to the premises is a good and merchantable title, and that he is seized of said premises in fee simple; that he is willing, and offers specifically, to perform his part of the agreement.

Defendant in error answered the bill, denying that the title was good and merchantable and that plaintiff in error was seized in fee simple, and stating *in extenso* the circumstances attending the making of the contract; charged plaintiff in error with fraud in misrepresenting to her the cost of the house and the prices at which similar lots in the neighborhood had sold; stated that she placed entire confidence in and wholly relied upon him in the matter, and that as soon as she learned of the fraud that had been practiced upon her she moved out of the house and surrendered the key and possession to the vendor, who accepted the same and is now in possession.

The cause was referred to the master, who reported against granting the prayer of the bill. Exceptions to his report were sustained by the circuit court and a decree for specific performance entered. The Appellate Court reversed the decree and dismissed the bill at the costs of plaintiff in error without prejudice to any action at law he might choose to bring. Maltby then sued out

this writ of error to reverse the judgment of the Appellate Court.

Whether or not the specific performance of a contract will be decreed rests in the sound legal discretion of the court, and it will not be decreed unless the agreement has been entered into with perfect fairness, and without misapprehension, misrepresentation or oppression, and evidence insufficient to authorize a decree canceling the contract may yet be sufficient to defeat a bill for its specific performance. (*Frisby* v. *Ballance*, 4 Scam. 287; *Doyle* v. *Teas,* id. 202; *Fish* v. *Leser,* 69 Ill. 394; *Race* v. *Weston,* 86 id. 91; *Ralls* v. *Ralls,* 82 id. 243.) Thus it was said in *Hatch* v. *Kizer,* 140 Ill. 583: "To entitle a party to a decree for a performance of the agreement it must be reasonable, fair and equitable. If wanting in any of these particulars specific performance should never be granted, for it is only on the principle that it is unjust and inequitable to permit the contract to remain unexecuted that a court of chancery assumes jurisdiction to enforce it,"—citing *Tamm* v. *Lavalle,* 92 Ill. 263, and *Woods* v. *Evans,* 113 id. 186. Here, the vendor, instead of bringing an action at law upon the written contract, seeks to compel the vendee specifically to perform the contract, accept a deed and pay for the property. It is not denied that he may do this, but in so doing he must show that he is clearly entitled to such relief. We have carefully examined the evidence, which is too voluminous to be recited even in substance here, and are left in grave doubts in respect to the fairness of the vendor in his representations to the vendee concerning certain material facts which, it seems, induced the vendee to enter into the contract. The master found and reported that a preponderance of the evidence showed that in respect to such material facts, not necessary to be set out here, the vendor was guilty of misrepresentation to the vendee, and also that he did not sufficiently sustain his bill that he was seized in fee of the premises and had a good merchantable title thereto.

In view of the rules governing bills for specific performance, and especially in a case of this character, we are of the opinion that the trial court erred in sustaining the exceptions to the findings of the master and in entering the decree which was entered. The judgment of the Appellate Court reversing that decree and ordering the bill dismissed without prejudice to any action at law Maltby may choose to bring is affirmed.

*Judgment affirmed.*