JOSEPH C. SKEEN

180    289
,e101a²639

v.

AGNES S. PATTERSON.

*Opinion filed June 17, 1899.*

1. SPECIFIC PERFORMANCE—*contract must be fairly made to authorize specific enforcement.* Equity will not specifically enforce a contract for the sale of land where one party was guilty of unfairness and misrepresentation or the other has acted under misapprehension.

2. SAME—*complainant must not be in default in performance of conditions.* One cannot compel specific performance in equity unless he has performed all the acts which formed the consideration for the defendant's undertaking.

3. SAME—*equity will regard stipulation as to time being a material element.* Where parties to a contract for the sale of land have made the time of performance material, a court of equity has no power to enforce specific performance contrary to their clear intention.

4. SAME—*unassumed accumulated interest constitutes an additional encumbrance.* Where the purchaser in a land contract has assumed an encumbrance but not the accumulated interest thereon, such accumulated interest constitutes an additional encumbrance, which the vendor must remove before he is in a position to tender a deed.

5. SAME—*when complainant cannot cure defect in title after filing bill.* Permission to cure a defect in title after filing a bill for specific performance will not be extended to a vendor unless he has done all in his power to make out a good title within the time fixed by the contract, which is made a material part thereof.

APPEAL from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

This is a bill, filed on March 24, 1897, by the appellee, Agnes S. Patterson, against the appellant, Joseph C. Skeen, to enforce the specific performance of a contract, dated February 15, 1897, for the exchange of lots, wherein it was provided, that the appellant agreed to "grant, bargain and sell" to appellee "by warranty deed" a certain lot 22 in Oak Park in Cook county, "and also a trust deed on" a certain lot 21 in Oak Park "for the sum of $1000.00, payable three years from date, with interest at six per cent per annum, with coupons attached," appellee

180—19

to assume the taxes and assessments on said lot 22 for the year 1896; and the appellee thereby agreed to grant, bargain and sell to appellant by warranty deed a certain lot 40 with a building thereon, known as No. 2025 Lexington street, Chicago, "subject to a trust deed of $4000.00 and a second trust deed of $500.00, which the party of the first part (appellant) assumes and agrees to pay with the taxes and special assessments due and payable for the year 1896; all deeds to be passed and this negotiation to be closed on or before March 1, 1897. Time is hereby declared to be the essence of this agreement;" and it was therein also agreed, that each party thereto was to provide for the use of the other, within ten days from the date thereof, abstracts of title to the property, thereby agreed by each to be conveyed, "showing good and sufficient title to the same in the grantors herein mentioned."

The appellant filed an answer to the bill, admitting the making of the contract, but averring that the appellee had failed to perform her part thereof, and that the contract was procured by false and fraudulent representations made by appellee. Replication was filed to the answer. On February 23, 1897, the parties furnished each other with abstracts of title to their respective properties. On February 27, 1897, George D. Patterson, the husband of the appellee, tendered a deed of her land to the appellant, and requested a deed from appellant of lot 22, and a trust deed for $1000.00 secured upon lot 21. Appellant refused to accept the deed, tendered to him by appellee's agent, George D. Patterson, and to execute the deed and deed of trust of and upon the Oak Park lots, upon the ground that false representations had been made as to the cost of the buildings on the Chicago property, and as to the rate of interest on the encumbrances, and upon the further ground that accumulated interest had not been paid upon the two encumbrances.

The cause was referred to a master in chancery, who took testimony and made a report, recommending a de-

cree in accordance with the prayer of the bill. The report of the master was dated May 7, 1898. On June 27, 1898, the cause came on to be heard before the court upon exceptions to the master's report, and the court confirmed the report, and decreed a specific performance of the contract in accordance with the prayer of the bill. The present appeal is prosecuted from such decree.

THATCHER & GRIFFEN, for appellant:

Specific performance is not a matter of right. *Maltby* v. *Thews*, 171 Ill. 264; *Crandall* v. *Willig*, 166 id. 233; *Beach* v. *Dyer*, 93 id. 301; *McCabe* v. *Crosier*, 69 id. 501; *Wood* v. *Evans*, 113 id. 186; *Hoyt* v. *Tuxbury*, 70 id. 331; *Pfaff* v. *Cilsdorf*, 173 id. 86.

Those seeking specific performance must show full performance on their part. *DuPuy* v. *Williams*, 152 Ill. 102; *Hatch* v. *Kizer*, 140 id. 583; *Ralls* v. *Ralls*, 82 id. 243; *Rutherford* v. *Sargent*, 71 id. 339; *Railroad Co.* v. *Reno*, 113 id. 43.

It is only where it would be unjust to refuse relief that specific performance will be allowed. *Hatch* v. *Kizer*, 140 Ill. 583.

A person who asks for specific performance must be able to show that his conduct has been honorable and fair. *Mitchell* v. *King*, 77 Ill. 462; *Taylor* v. *Merrill*, 55 id. 52.

It is not necessary, to authorize the court to refuse specific performance, the agreement should be so tainted with fraud as to authorize a decree of cancellation. *Frisby* v. *Ballance*, 4 Scam. 299; *Hatch* v. *Kizer*, 140 id. 583.

RUNYAN & RUNYAN, for appellee:

Where one party to a contract refuses to comply with the terms thereof it does not become necessary for the other party to absolutely and strictly conform thereto, because from the failure or refusal of such party to so do it may become impossible for the other party to meet the requirements of said contract without his fault, provided that the party desiring to perform and enforce the per-

formance thereof is ready and willing to do and perform his part thereof. Fraud is never presumed. It must be affirmatively shown, like any other fact. *Brady* v. *Cole*, 164 Ill. 116, and cases cited.

Appellant, when appellee tendered compliance with the contract, refused absolutely to perform his part thereof, and is thereby estopped from urging the objection that appellee was not entitled to a decree of specific performance because she was unable to perform, and did not offer to perform, according to the contract within the stipulated time. *Lyman* v. *Gedney*, 114 Ill. 388.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The contract, made between the parties in this case and dated February 15, 1897, was partly a contract of sale and partly a contract for the exchange of properties, owned by the parties respectively. The appellee owned a lot in Chicago with a building of flats thereon subject to two mortgages, the first mortgage for $4000.00, and the second mortgage for $500.00. She valued her property at $9500.00, and appellant was to pay therefor by transferring to her a lot and trust deed estimated by him to be worth $5000.00, and by assuming the encumbrances of $4500.00 upon the Chicago lot. Appellant owned lot 22 in Oak Park, estimated to be worth $4000.00, and he was to deed this lot to appellee and also to give appellee a trust deed to secure $1000.00 upon lot 21 in Oak Park, owned by him. The consideration named in the deed, tendered by appellee to appellant on February 27, 1897, was $9500.00. The evidence is clear, and it is not denied, that appellant was to receive $9500.00 for her Chicago property, and no more.

*First*—The appellant claims, that he consented to take the Chicago lot and building of the appellee, solely upon her representation that the building of flats thereon cost $9500.00, and that the mortgage of $4000.00 thereon drew

only six per cent interest. The written contract between the parties, dated February 15, 1897, appears to have been made on Sunday, February 14, 1897, although dated a day later. At the time of its execution appellant had no knowledge of the terms of the encumbrances upon the property, except as to the amount of the principal thereof.

Upon the question of fact whether appellee, or her husband acting as her agent, or both of them, made the representations in question, and whether such representations were true or not, the parties contradict each other. Appellee and her husband swear, that they did not represent the cost of the building to have been $9500.00, and that they did not represent the interest upon the mortgage for $4000.00 to be six per cent per annum. Appellant swears, that they did so represent to him the cost of the property, and the amount of the interest. Appellant is confirmed in his statement by the testimony of a real estate agent by the name of Collins A. Weage. Weage swears that, in the latter part of December, 1896, Patterson came to his office, and gave him a description of his wife's property with a view to an exchange of it for other property. He says, that he took a memorandum in the presence of Patterson of the latter's statements in regard to the property. He produced, when testifying, the written memorandum, so made by him, a part of which is as follows: "No. 2025 Lexington street; three-story stone front; brick flat, six or seven rooms deep; * * * encumbrances $4000.00 six per cent, two years to run; $500.00, seven per cent, July, 1897; price $9500.00; cost more; will exchange for house and lot or vacant lot." Weage swears, that he communicated the statements, recorded in this memorandum and made to him by Patterson, to the appellant. Weage also swears, that both Patterson and his wife, the appellee, told him that the improvements upon the lot had cost at least $9500.00, and upwards of $10,000.00. The testimony of

appellant upon this subject is thus confirmed and substantiated by the testimony of Weage, and by the written memorandum made by him. We are inclined to the belief, after reading all the evidence, that the appellee and her husband did represent that the building had cost $9500.00, and that the interest upon the $4000.00 encumbrance was only six per cent.

A large amount of testimony is introduced by both parties upon the question, whether the representations as to the cost of the building were true or not. Upon this subject also the parties contradict each other. As to the rate of interest drawn by the mortgage, the mortgage itself shows, and it is not denied, that it draws interest at the rate of six and one-half per cent per annum. We are satisfied from the evidence, that the improvements in question did not cost the sum of $9500.00. Burns, the architect, who drew the plans for the building, No. 2025 Lexington street, estimates the cost of the building from his plans and specifications at from $6300.00 to $6500.00. Three other architects estimate the cost thereof at from $6700.00 to $6800.00. The appellee does not seem to have known much about the cost of the building, as it was constructed for her by her husband, George D. Patterson. The latter's testimony alone supports the theory, that the cost of the building was $9500.00, and when he gives the items, which go to make up his estimate of the cost, many of them are not properly items, which entered into the construction of the building. The weight of the evidence is in favor of the position taken by the appellant, that the cost of the building and the amount of interest, which the encumbrance for $4000.00 drew, were not correctly represented to him when he entered into the contract, which was signed rather hastily on Sunday in one of the flats upon the property in question, occupied by the appellee and her husband. The law applicable to such a case is clear and well settled. Whenever there is any unfairness used in the obtaining

of a contract for the sale of land, or where an agreement
for such a sale has been entered into through misrepre-
sentation by one of the parties, or misapprehension on
the part of the other party, equity will not enforce a
specific performance. (*Taylor* v. *Merrill*, 55 Ill. 52). The
rule is, that a decree for specific performance will not be
entered, unless the agreement has been made with per-
fect fairness, and without misapprehension, misrepresen-
tation or oppression. (*Hatch* v. *Kizer*, 140 Ill. 583).

It is always with reluctance, that this court sets aside
the decree of a trial court when the question involved is
exclusively a question of fact. In this case, however,
there is another consideration, which leads us to the con-
clusion that the decree of the court below must be re-
versed, even if we were not disposed to differ with that
court upon the question of fact already stated.

*Second*—The written agreement of February 15, 1897,
provides that the appellee is to execute a warranty deed,
conveying her property to the appellant, "subject to the
trust deed of $4000.00 and a second trust deed of $500.00,
which the party of the first part (appellant) assumes and
agrees to pay, with the taxes and special assessments
due and payable for the year 1896." The agreement does
not state from what date the appellant, the party of the
first part thereto, is to pay the interest upon the encum-
brances; nor does it describe the encumbrances as to date
of execution, or date of maturity, or as to the rate of
interest which they draw. The warranty deed, executed
by appellee and her husband, dated February 26, 1897,
and tendered to the appellant on February 27, 1897, de-
scribes the trust deed of $4000.00 as having been given
to Moses E. Greenebaum, and as bearing date January 4,
1894, and running five years. The testimony shows, that
the interest upon the trust deed for $4000.00, which was
at the rate of six and one-half per cent per annum, was
payable on the 4th of January and the 4th of July in each
year. When the contract between the parties was made

on February 15, 1897, the installment of interest for $130.00 upon the trust deed for $4000.00, which fell due on January 4, 1897, had not been paid; nor had the interest from January 4, 1897, to the date of the contract, February 15, 1897, been paid at that time. When the warranty deed was tendered to appellant by appellee's husband on February 27, 1897, this over-due interest, including the installment of $130.00 due for the six months from July 4, 1896, to January 4, 1897, was still unpaid. As the consideration, which appellant was to pay for appellee's property, was just $9500.00, it is clear that appellant was to assume encumbrances to the amount of $4500.00, with interest thereon from the date of the contract, that is to say, from February 15, 1897. Certainly, it cannot have been intended that appellant should assume the payment of the interest which had fallen due on January 4, 1897. It was the duty of the appellee to have paid that interest. When appellee tendered the deed to appellant on February 27, 1897, through her husband as her agent, she did not tender or offer to pay the over-due interest, either the $130.00 due on January 4, 1897, or the subsequent interest due for the period from January 4, 1897, to February 15, 1897. In addition to this, the appellee was to assume the payment of the taxes for the year 1896 upon lot 22 in Oak Park, which the appellant was to transfer to her. The evidence shows that appellant had already paid the taxes of 1896, but as the contract required appellee to pay the same, it was the duty of appellee to tender the amount of these taxes to appellant when the deed was tendered to him, but at that time appellee did not offer to pay such taxes. By the terms of the contract appellee was to furnish to appellant a good and sufficient title to her property. The over-due interest of $130.00, already referred to, was as much an encumbrance upon the property when the contract was made, as though there had been a separate mortgage to secure that amount. The property was, therefore, burdened with an encumbrance of $130.00,

which appellant did not agree to assume, and which he was not bound, by the terms of the contract, to pay.

It is to be observed that, in this contract, time is expressly declared to be of the essence of the agreement; and the contract also provides, that all deeds are to be passed and the negotiation is to be closed on or before March 1, 1897. Hence, it was the·duty of appellee before March 1, 1897, not only to tender a warranty deed of her property to the appellant, but also to pay off the interest of $130.00 due January 4, 1897, and to pay to appellant the taxes upon his Oak Park property for 1896, which she had assumed to pay by the terms of the contract. The evidence shows, that appellee was informed at the time the contract was executed, that appellant had already paid the taxes of 1896, and that she agreed at that time to refund to appellant the amount of the taxes so paid by him for that year.

A party cannot compel the specific performance of a contract in a court of equity, unless he shows that he himself has specifically performed all the acts, which form the consideration for the undertaking on the part of the defendant; and where the parties have made the time of the performance of a contract material, a court of equity has no power to enforce its specific performance contrary to their clearly expressed intentions. It is the duty of courts to give effect to existing contracts, and not to make new ones for parties. (*Stow* v. *Russell*, 36 Ill. 18).

In *Heckard* v. *Sayre*, 34 Ill. 142, we said (p. 150): "A court of equity has no more right than a court of law to dispense with an express stipulation of parties in regard to time, in contracts of this nature, where no fraud, accident or mistake has intervened."

In *Short* v. *Kieffer*, 142 Ill. 258, we said (p. 266): "The elementary rule that, before one party to a contract can call upon the other to perform, he must show that he is not in default himself, applies with peculiar force and strictness in all bills for specific performance." This

court has always held, that a provision in a contract for the sale or exchange of land, making time of the essence of the agreement, will not be dispensed with but will be enforced, except under very peculiar circumstances, which do not exist in the present case. (*Phelps* v. *Illinois Central Railroad Co.* 63 Ill. 468). Under a bill, which prays for the specific performance of a contract for the sale or purchase of land, the burden of proof is upon the complainant to show full performance on his part. (*Dupuy* v. *Williams*, 152 Ill. 102).

In the case at bar, the appellee is to be treated as a purchaser, so far as the Oak Park property owned by appellant is concerned; and she was not, at the time of filing her bill, entitled to a conveyance of and a trust deed upon the Oak Park property by the terms of the contract, because of her failure to pay the over-due interest above mentioned, and because of her failure to offer to return to appellant the taxes upon the Oak Park property for 1896, which he had advanced. In *Cronk* v. *Trumble*, 66 Ill. 428, we said (p. 432): "It is the established rule of this court, that a purchaser of land has no right to apply to a court of chancery to compel a conveyance, unless he has, previously to filing his bill, clothed himself with the right to demand a deed, without any further thing being done on his part." Here, something further was to be done by appellee, which she had omitted to do, before she could require appellant to accept the warranty deed, tendered by her to him, by the terms of which he was to assume the payment of the encumbrances therein named, and before she could require him to execute to her a deed of lot 22 and a trust deed, securing $1000.00, upon lot 21.

It is true that, on May 13, 1897, more than a month after this suit was begun, appellee paid the installment of interest, amounting to $130.00, which fell due on January 4, 1897. But as time is of the essence of the contract, it was her duty to have made such payment before

March 1, 1897, at which latter date the deeds were to be passed, and the negotiation was to be closed. "A court of equity has no power to alter contracts of parties, but must enforce them as made." (*Phelps* v. *Illinois Central Railroad Co. supra*).

There are cases, which hold that, where the delay of a vendor to carry out his contract of sale arises from a defect in his title which he finally cures, as by clearing off an encumbrance, the delay thus occasioned will not prevent him from obtaining a specific performance against the purchaser, and a court of equity will be satisfied, if he is able to give good title at the time of the decree, even though he could not do so at the time of commencing his suit; but this principle only applies where time is not the essential element of the contract, sought to be specifically enforced. (Pomeroy on Specific Per. sec. 421; *Dresel* v. *Jordan*, 104 Mass. 414; *Luckett* v. *Williamson*, 37 Mo. 388; *Christian* v. *Cabell*, 22 Gratt. 82). The permission thus to amend the title after the filing of the bill will not be extended to a vendor, unless he has done all in his power to make out a good title within the time fixed by the contract, where time is made material, either by the express stipulation of the parties, or by the nature of the subject matter, or by the object of the agreement. (Ibid).

The evidence discloses no reason why the appellee could not have paid the over-due interest upon the encumbrances before March 1, 1897. On February 23, 1897, when the parties exchanged abstracts of title with each other, appellant stated to the husband of appellee some of his objections to appellee's title, and, among the objections so stated, he referred to the fact, that the interest due January 4, 1897, had not been paid, as he had ascertained by inquiry the day after the contract was signed. Notwithstanding the appellant's objection, the appellee neglected to pay the interest, and, without doing so, demanded of the appellant a performance of his part of the contract. A party cannot call upon a court of equity for

a specific performance of a contract, unless he has made a conscientious effort on his own part to comply therewith. (*Kimball* v. *Tooke*, 70 Ill. 553). Courts of equity will not always enforce the specific performance of a contract. Such applications are addressed to the sound legal discretion of the court, and the court must be governed to a great extent by the facts of each case as they are presented. (*Maltby* v. *Thews*, 171 Ill. 264; *Clipson* v. *Villars*, 151 id. 165; *Crandall* v. *Willig*, 166 id. 233). The specific performance of a contract for the sale of land cannot be claimed from a court of equity as a matter of right, it being discretionary with the chancellor, whether he will exercise the power in view of the terms of the contract, and of the surrounding circumstances. (*Atchison, Topeka and Santa Fe Railroad Co.* v. *Chicago and Western Indiana Railroad Co.* 162 Ill. 632).

Our conclusion, after a careful examination of the case, is, that the judgment of the court below is erroneous. Accordingly, the decree of the superior court is reversed, and the cause is remanded to that court for further proceedings in accordance with the views herein expressed.