## Thomas W. Hay v. William M. Kirk, et al.

1. SPECIFIC PERFORMANCE—*when, will not be decreed.* A decree for specific performance will not be awarded where it appears that the agreement between the parties for the sale and conveyance of land was entered into under a mutual misapprehension as to the title to the property in question, and there was no fraudulent intent or other misconduct upon the part of the party agreeing to make such conveyance.

Proceeding for specific performance. Appeal from the Circuit Court of White County; the Hon. PRINCE A. PEARCE, Judge, presiding. Heard in this court at the February term, 1904. Affirmed. Opinion filed September 9, 1904.

RICHARD SPICKNALL, Jr., for appellant.

PARISH & PARISH, for appellees.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a bill in chancery by appellant alleging that on March 20, 1899, appellant, and appellee William M. Kirk, entered into an agreement by which Kirk agreed to sell and convey to appellant by warranty deed, free of dower and homestead, in consideration of $1,000, certain real estate in Hamilton county, Illinois, described as follows: The southeast fourth of the northwest quarter of section twelve in township five south, range 7, east of the third principal meridian; that in pursuance of the agreement said Kirk and his wife, Christeene Kirk, made and delivered a deed with the usual covenants of warranty to appellant, dated March 20, 1899, intending to convey said land so purchased; that the writer of the deed by mistake described said land as the southeast fourth of the northeast quarter of said section; that the said Kirk and wife had no interest in the land so conveyed; that said deed was made, delivered and accepted in good faith and in the belief that it truly described the land purchased by appellant; that some time after the deed was delivered, appellant discovered the mistake and asked Kirk to deliver him a deed to the premises intended to be conveyed, with covenants of warranty as of

the date of the other deed, at the same time offering to reconvey to said Kirk the land so erroneously conveyed to him; that later appellant learned Kirk did not have the sole and exclusive ownership of the premises really intended to be conveyed and that by reason of the failure of title, there would be a breach of the warranty and for this reason Kirk refused to make another deed by proper description, although requested by appellant to make such deed, limiting the warranty to the title as it was on March 20, 1899; that appellee is greatly injured and deprived of his legal rights under the agreement to convey said premises and by reason of the breaches of the covenants and warranty of said Kirk in said deed as intended to be made.

The prayer of the bill was that appellees, William M. Kirk and Christeene Kirk, his wife, be decreed to specifically perform the agreement entered into with appellant and make a good and sufficient deed of conveyance to appellant of the premises really intended to be conveyed with full covenants of warranty, as of March 20, 1899, with release of homestead and dower; that they be required to make said deed by a short day to be fixed by the court and on their failure to make the same the court appoint and direct the master in chancery to make it, in their names and place. Appellees answered and upon the hearing the court entered a decree, dismissing the bill.

The proofs show that appellee William M. Kirk, prior to the alleged agreement, bought the land in question at a foreclosure sale, and the master described the land in his deed as the southeast quarter of the northeast quarter instead of the southeast quarter of the northwest quarter of said section number twelve, and that when Kirk attempted to deed to appellant the writer of the new deed made the same mistake; that appellant, however, took possession of the land intended to be conveyed and of which Kirk supposed he was the owner in fee; that in June, 1899, Alice Brown brought a suit to partition the lands intended to be conveyed, against appellant and certain other parties, claiming that she and they were the owners in fee of said

premises; that appellant by proper deeds of conveyance afterwards acquired the interests of three of the other parties to said suit, including Alice Brown, in said premises, and thereafter said suit was dismissed; that subsequently appellant filed a suit in partition against the other parties having an interest in said premises, as shown by the bill in the former partition suit; that in the second suit appellee William M. Kirk filed a bill of interpleader alleging that appellant had acquired a perfect title to said premises and that the other parties to said suit had no interest in said premises; that the decree corrected the mistake in the master's deed of said premises to Kirk, dismissed the bill of interpleader filed by him and found that appellant owned the life estate of one Emily J. Raney in the same and thirty-four seventieths of the fee; that the balance of the fee belonged to the others in the said partition suit; and that the premises were afterwards sold under a decree of sale to other parties.

The bill in this case asked for the specific performance of the agreement entered into between Kirk and Hay. It appears, however, from the evidence, that both parties to the agreement understood at the time it was made, that Kirk had the legal title to the land he proposed to sell to appellant and both supposed that the conveyance was made by the right description; that the deed by which Kirk supposed he owned the premises contained an erroneous description, which was followed in making the deed to appellant; that Kirk was not guilty of any fraud or misconduct, but that the error in the description was simply a mistake; that after the execution of the deed it was discovered that Kirk only owned a portion of the title, and therefore could not specifically perform the contract on his part. Under such circumstances a court of equity will not decree specific performance.

In the case of Hatch v. Kizer, 140 Ill. 583, where a bill filed for the specific performance of a contract to convey real estate, was dismissed by the court below, it was said by the Supreme Court: "We think the decree of the

Circuit Court should be affirmed on either one of several grounds. In the first place, the contract itself, together with the abstract referred to in it, shows that the agreement between the parties was entered into under a mutual misapprehension as to the title of said lots. It shows that both parties understood that the legal title was in Kizer. It is not claimed that such mistake was the result of fraud or misconduct on the part of Kizer. He furnished an abstract of the title in connection with the agreement, which showed that the legal title was in another, although he honestly believed it was in himself. As the title proved to be in a third party, Kizer could not perform the contract on his part, neither could, he have required Chisholm to do so. Whatever might have been the rights of the parties in an action for a breach of the contract, a court of equity would not, on the admitted facts, decree a specific performance of it."

As appellant was not entitled to specific performance and no other relief is asked for by the bill of complaint, the decree of the court below must be affirmed.

*Affirmed.*